**José ZAYAS–CARMONA, Plaintiff,**

v.

**RENT–A–CENTER EAST, INC., Defendant.**

**Civil No. 14–1130 (PAD).**

United States District Court,
D. Puerto Rico.

Signed June 10, 2014.

Luis R. Lugo–Emanuelli, Lugo Emanuelli Law Office, Fajardo, PR, for Plaintiff.

Kenneth C. Suria–Rivera, Estrella, LLC, San Juan, PR, for Defendant.

**MEMORANDUM AND ORDER**

PEDRO A. DELGADO-HERNÁNDEZ, District Judge.

Pending before the Court is plaintiff's "Application for Attorney's Fees and Bill of Costs" (Docket No. 38), which defendant has opposed (Docket No. 41). For the reasons explained below, Docket No. 38 is DENIED.

**A. BACKGROUND**

The background is set in the Court's Memorandum and Order of April 30, 2014, remanding the case to the Fajardo Part of the Court of First Instance of Puerto Rico. In essence, on February 19, 2014, defendant removed the action to this Court, on March 21, 2014 plaintiff sought remand, and on April 30, 2014, the case was remanded to the Court of First Instance.

Plaintiff now seeks attorney's fees and costs under 28 U.S.C. § 1447(c), pursuant to which an order remanding the case to the state court from which it was removed may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal.

**B. DISCUSSION**

In *Martin v. Franklin Capital,* 546 U.S. 132, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005), the Supreme Court held courts may award attorney's fees under Section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Id.* at 141, 126 S.Ct. 704. Plaintiff contends no such basis exists here because in ordering remand this Court indicated that it was apparent the amount in controversy ($73,752.45) was less than the amount ($75,000) required to sustain jurisdiction. *See,* Docket No. 38 at ¶¶ 5 and 19.

The Court reached that conclusion after examining *Hernández Maldonado v. Taco Maker,* 181 D.P.R. 281, 81 Off. Trans. ——, 2011 WL 1238287 (2011). In that case, the Puerto Rico Supreme Court (1) observed that Law No. 80 of May 30, 1976, the statute under which plaintiff initiated the action, provides for payment of attorney's fees corresponding to no less than 15% of the indemnity awarded to the employee/plaintiff, (2) suggested that 25% may be awarded, but (3) did not rule out a higher fee award.

Thus, applying the holding to the present circumstances, this Court concluded defendant had not been able to provide a specific indication as to why the case should command more than 15%–25% in fees so as to bring the jurisdictional amount in controversy in line with the statutory threshold. However, given the absence of a categorical ban on Law 80

fees beyond 25%, defendant's inability to sustain the removal does not mean that at the time the removal notice was filed, that party lacked an objectively reasonable basis for seeking removal.

Plaintiff claims removal delayed resolution of the case. *See,* Docket No. 38 at ¶ 8. The record shows no unreasonable delay. On February 19, 2014, the case was removed, and on April 30, 2014, it was remanded. The period from removal to remand is not excessive.

The Court understands that plaintiff naturally wants to recover costs and fees. Yet he is not automatically entitled to do so. *Martin,* 546 U.S. at 141, 126 S.Ct. 704. Congress has created no exception to this rule in case of employment related actions such as the one at bar.

### C. *CONCLUSION*

Having carefully reviewed the applicable case law as well as the record of the case, the Court finds that at the time defendant filed the notice of removal, it had an objectively reasonable basis for seeking removal. In view of the foregoing, plaintiff's "Application for Attorney's Fees and Bill of Costs" (Docket No. 38) is DENIED.[1]

**IT IS SO ORDERED.**

---

1. Considering the grounds for this ruling, the Court will not address defendant's challenge to plaintiff's counsel's billing. *See,* Docket No. 41, at pp. 4, 5, 7, 8, 9, 10. Plaintiff did not submit a bill of costs. To the extent he has asked for payment for a certified transla-

---

tion, the request is denied. As the Supreme Court held in *Taniguchi v. Kan Pacific Saipan,* —— U.S. ——, 132 S.Ct. 1997, 2007, 182 L.Ed.2d 903 (2012), costs stemming from the translation of written documents cannot be taxed as costs against a non-prevailing party.